**MACY'S EAST, INC., successor in interest to Macy's Northeast, Inc., to its own use and to the use of Zurich Insurance Company, Plaintiff,**

v.

**The EMERGENCY ENVIRONMENTAL SERVICES, INC., et al., Defendants.**

No. 95 Civ. 9856(JSR).

United States District Court, S.D. New York.

May 14, 1996.

Barry I. Fredericks, Gilberg & Kurent, New York City, Edward A. Kurent, Gilberg & Kurent, Washington, DC, for Plaintiff.

Kevin J. Barry, Sweeney & Barry L.L.P., White Plains, NY, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Before the Court is the question of whether this RICO action should be dismissed or stayed because it largely duplicates a state court action filed four days earlier. The Court concludes that no dismissal or stay is warranted.

In 1993, Macy's Northeast, Inc. hired Emergency Environmental Services, Inc. ("EES") to help with environmental clean-up of a heating oil leakage at Macy's department store in New Rochelle, New York. EES's bills were paid by Zurich Insurance Company, Macy's insurer. After February, 1995, Zurich ceased payment, alleging fraud on the part of EES.

On November 17, 1995, EES commenced a New York State action against Macy's and Zurich for breach of contract and related claims. Four days later, Macy's and Zurich brought the instant lawsuit in federal court, claiming that EES's alleged pattern of fraudulent practices gave rise to claims not only under state and common law but also under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Macy's and Zurich also filed an answer in the New York State action, alleging as counterclaims essentially the same claims that form the basis of their federal complaint. For its part, EES filed an answer in the federal action, alleging as counterclaims essentially the same claims as form the basis for its state court complaint. Thus, the two actions are largely duplicative of each other.[1]

Following an initial conference before Judge Parker on January 19, 1996, EES asked the Court either to dismiss or to stay the federal action pursuant to the doctrine of *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236,

---

1. The only material difference besides choice of forum is that the federal complaint names as defendants two individuals and two companies allegedly linked with EES who are not parties to the state court action. Macy's argues that dismissal of the federal action would effectively deprive it of jurisdiction over these additional defendants, who, it claims, cannot be impleaded in the state court action. *See* CPLR 1007. EES contends that impleader is possible. *See Cohen Agency v. Perlman Agency,* 51 N.Y.2d 358, 434 N.Y.S.2d 189, 414 N.E.2d 689 (1980). Since this Court has determined to retain jurisdiction on other grounds, it need not resolve this controversy.

47 L.Ed.2d 483 (1976). The motion was briefed, and, following reassignment of the case to this Court in early March, was the subject of oral argument on April 11, 1996. For the reasons set forth below, the Court denies the motion.

■ There exists a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," which may be avoided only where there is the "clearest of justifications." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246. While conservation of judicial resources may occasionally supply such a justification, "the balance [is] heavily weighted in favor of the exercise of jurisdiction" by the federal court. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983).

■ Here, the fact that the parallel state court action was filed a few days earlier than the federal action is of little consequence, since virtually no subsequent activity has transpired in the state court action. The parties also concede that, given the heavy burdens on the state court, the federal action is likely to move forward with more rapidity than the state court action unless the former is artificially stayed. Thus, there is little or no chance that permitting the federal action to proceed would duplicate prior activities in the state court action.

Moreover, a factor that weights heavily in favor of proceeding here is the fact that RICO can most authoritatively be interpreted by a federal court. While the Supreme Court has held that state courts have concurrent jurisdiction over civil RICO claims, *Tafflin v. Levitt,* 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), and has expressed its confidence in the "ability of state courts to handle the complexities of civil RICO actions," *id.* at 464, 110 S.Ct. at 797, it cannot be gainsaid that federal courts are far more familiar than state courts with the arcane eccentricities of RICO jurisprudence and are empowered to interpret it with greater freedom than state courts. Nor can it be doubted that Congress intended that federal courts would take the primary role in construing the statute, for their jurisdiction is expressly declared in the statute.

In contrast to the other claims and counterclaims here at issue, nearly all of which are governed by familiar common law principles, a RICO claim is still a relatively new and controversial cause of action, the jurisprudence of which continues to evolve in uncertain fashion. Absent a far more compelling saving of judicial resources than this case presents, oversight of that evolution must remain the responsibility of the federal courts. Where Congress has created a novel cause of action like RICO and vested the federal courts with express jurisdiction over such actions, to act as a bystander would be to avoid one's duty.

Accordingly, EES's motion for dismissal or stay of this action is denied. The parties are directed to continue to proceed with the case management plan ordered by Judge Parker at the hearing on January 19, 1996, which requires that this case be ready for trial by November 1, 1996.

SO ORDERED.